IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA RICHARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| WARDEN RANDY PLUNK, ) | |
| ) | |
| and ) | |
| ) | |
| UNKNOWN AND UNNAMED ) | |
| DEFENDANTS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes now the plaintiff, Joshua Richards, by his undersigned attorneys and for his Complaint against the defendants, Randy Plunk, and UNKNOWN AND UNNAMED DEFENDANTS, states the following:

## FACTS COMMON TO ALL COUNTS

1. Randy Plunk was the Warden of the Jacksonville Correctional Center.

2. At all times relevant herein, Warden Randy Plunk employed various personnel as part of his operation and supervision of the Correctional Center.

3. At all times herein mentioned, there were an unknown number of UNKNOWN AND UNNAMED DEFENDANTS working as correction officers at Jacksonville Correctional Center who were employed by IDOC and were acting under

color of state law and as the employees, agents, or representatives of IDOC. These defendants are additionally being sued in their individual capacities. Once Plaintiffs identify them, they will seek leave to amend the complaint to add them as named Defendants.

4. That on or about, October 7, 2018, the air conditioning unit was broken in Housing Unit 2.

5. That the plaintiff and others notified UNKNOWN AND UNNAMED DEFENDANTS, on information and belief, Officer Richards and Officer Jackson, that the floors were wet due to the humidity.

6. That the plaintiff and others requested that the door be opened, and fans brought in to help dry up the floors.

7. That on or about 7:00pm the plaintiff was headed back to his room, when he slipped and fell forward.

8. As a result of the fall, Plaintiff suffered severe injuries to his head.

### COUNT I – Violation of 42 USC § 1983 v. Warden Plunk

9. That Plaintiff incorporates paragraphs 1-8 as if fully set forth herein.

10. That Defendant Plunk had a duty to maintain the premises and to provide reasonably safe living conditions to the people in its custody.

11. That Plaintiff was deprived, by the defendants, of his rights under the Fifth and Fourteenth Amendments to the US Constitution to due process of law and to

maintain the premises and to furnish reasonably safe living conditions to the people in his department's custody.

12. The Defendant's failure to take appropriate steps to provide reasonably safe living environment constitutes deliberate indifference to Plaintiff's basic need for reasonable protection from harm and violated Plaintiff's right to be free from cruel and unusual punishment.

13. That Defendant's actions unreasonably created a strong likelihood of serious harm to Plaintiff and/or significantly increased the plaintiff's risk of harm.

14. That as a direct and proximate result of the foregoing acts on the part of the defendant, the plaintiff suffered personal injuries, medical expenses, pain and suffering, and will be caused to incur medical expenses in the future as well as pain and suffering.

WHEREFORE, Plaintiff, prays for judgment against the defendant in an amount greater than FIFTY THOUSAND DOLLARS ($50,000).

### COUNT II – Violation of 42 USC § 1983 v. UNKNOWN AND UNNAMED DEFENDANTS

15. That Plaintiff incorporates paragraphs 1-8 as if fully set forth herein.

16. That UNKNOWN AND UNNAMED DEFENDANTS, had a duty to maintain the premises and to provide reasonably safe living conditions to the people in its custody.

17. That Plaintiff was deprived, by the defendants, of his rights under the Fifth and Fourteenth Amendments to the US Constitution to due process of law and to maintain the premises and to furnish reasonably safe living conditions to the people in their custody.

18. The defendants' failure to take appropriate steps to provide reasonably safe living environment constitutes deliberate indifference to Plaintiff's basic need for reasonable protection from harm.

19. That Defendants', were aware of the problems with the wet floors, the threat of fall and the potential dangers associated with them.

20. Numerous complaints were made to Defendants by Plaintiff and the inmates regarding the housing unit floors and his risk of fall.

21. That plaintiff suggested opening the doors and to bring fans to help dry the floors up.

22. That Defendants' actions unreasonably created a strong likelihood of serious harm to Plaintiff and/or significantly increased the plaintiff's risk of harm.

23. That as a direct and proximate result of the foregoing acts on the part of the defendant, the plaintiff suffered personal injuries, medical expenses, pain and suffering, attorney's fees and will be caused to incur medical expenses in the future as well as pain and suffering.

WHEREFORE, Plaintiff prays for judgment against UNKNOWN AND UNNAMED DEFENDANTS, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000).

Respectfully Submitted,

/s/ Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
Kuehn, Beasley & Young, P.C.
23 S. First Street
Belleville, Illinois 62220
JarrodBeasley@kuehnlawfirm.com
Phone: 618.277.7260
Fax: 618.277.7718